IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SOPHIA-MARIE PEREZ and ELISANDRO PEREZ, Plaintiffs, <br><br>v. <br><br> SHVASAI HOLDINGS, LLC, a Texas limited Liability company d/b/a STUDIO 6; SAI RAM SS, LLC, a Texas limited liability Company d/b/a DILLEY LODGE; PARESHKUMAR BHIKHUBHAI PATEL, an individual, a/k/a PETE PATEL, and SHILPA PATEL, an individual, Defendants | § § § § § § § § § § § § § § § § § Case No. 1:25-cv-00365 |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiffs, SOPHIA-MARIE PEREZ and ELISANDRO PEREZ, by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, SHVASAI HOLDINGS, LLC d/b/a STUDIO 6 (hereinafter, "STUDIO 6"); SAI RAM SS, LLC d/b/a DILLEY LODGE (hereafter, "DILLEY LODGE"), PARESHKUMAR BHIKHUBHAI PATEL a/k/a PETE PATEL (hereinafter, "P. PATEL"), and SHILPA M. PATEL (hereinafter, "S. PATEL"), and state as follows:

**INTRODUCTION**

1. This is an action by Plaintiffs to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3.      At all times pertinent to this Complaint, Defendants operated a motel called the "Studio 6," located at 2212 I-35 North Frontage Road, San Marcos, TX 78666.

4.      Between 2022 to about May 21, 2024, Defendants operated a second motel called the "Dilley Lodge," located at 1100 County Road 4600, Dilley, Texas.

5.      At all times material hereto, DILLEY LODGE and STUDIO 6 operated as a single, unified, integrated enterprise.

6.      At all times material hereto, DILLEY LODGE and STUDIO 6 shared workers and resources.

7.      At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

8.      Plaintiffs' work at Defendants' motel enterprise involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business and moved in interstate commerce.  These materials included office supplies, laundry supplies telephones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of a motel.  These materials were manufactured outside the State of Texas.

9.      During the relevant time period described herein, Defendants employed at least two individuals who were "engaged in commerce or in the production of goods for commerce" or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A)(i).  These materials also included office supplies, laundry supplies, telephones, tools, cleaners, bedding

supplies, electronic equipment, paper, and other materials necessary for the operation of a motel. These materials were manufactured outside the State of Texas.

10. Upon information and belief, during the period of Plaintiffs' employment, Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

11. In addition to the foregoing, Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During their employment, they were required to use instrumentalities of interstate commerce (phones, internet) on a regular and recurrent basis with respect to the operation of Defendants' motel and assisting customers of Defendants' motel.

12. Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within this judicial district.

13. Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in this judicial district.

## VENUE

14. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in this judicial district; and

   b. Defendants were and continue to be a company and individuals doing business within this judicial district.

## PARTIES

15. At the times material hereto, Plaintiff SOPHIA-MARIE PEREZ was a resident of this judicial district and was an "employee" of Defendants within the meaning of the FLSA.

16. At the times material hereto, Plaintiff ELISANDRO PEREZ was a resident of this judicial district and was an "employee" of Defendants within the meaning of the FLSA.

17. At all times material hereto, Defendants were conducting business in this judicial district.

18. At all times material hereto, Defendants were the employers of Plaintiffs.

19. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

20. At all times material hereto, Defendants failed to pay Plaintiffs wages in conformance with the FLSA.

21. Defendants committed a willful, malicious, and unlawful violation of the FLSA and are therefore liable for monetary damages.

22. At all times material hereto, SHVASAI HOLDINGS, LLC is and was an "enterprise engaged in commerce" within the meaning of the FLSA.

23. At all times material hereto, SAI RAM SS, LLC is and was an "enterprise engaged in commerce" within the meaning of the FLSA.

24. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

25. Plaintiffs have fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

26. From about January 25, 2022 through about May 21, 2024 the Plaintiffs were employed by Defendants to provide a variety of services related to Defendants' operation of motels, including

4

but not limited to innkeeper paperwork, housekeeping, maintenance, front desk work, cleaning, laundry, checking rooms, performing security patrols, maintenance and repair.

27. When Plaintiffs first commenced employment, Defendant, P. PATEL had Plaintiffs perform work for several days at GANESH HOSPITALITY, LLC d/b/a Howard Johnson's motel in San Marcos, Texas—this was another motel property operated by P. PATEL. That business was also part of Defendants' single, unified lodging enterprise.

28. At all times during the Plaintiffs' employment, each of them should have been paid at least the federal minimum wage ($7.25) for each hour worked.

29. While working at STUDIO 6, Defendants generally paid SOPHIA-MARIE PEREZ, $115.00 per week in cash. In exchange, SOPHIA-MARIE PEREZ worked seven (7) days per week—about 94.5 hours per week. Then, when SOPHIA-MARIE PEREZ worked at DILLEY LODGE, she continued working seven (7) days per week, and about 77 hours per week. However, for all her work at the DILLEY LODGE, Defendants only paid her about $175.00 per week.

30. The Defendants would sometimes pay Plaintiff, SOPHIA-MARIE PEREZ using the "Cash-App" payment platform.

31. While working at the STUDIO 6, Defendants paid ELISANDRO PEREZ, about $115.00 per week in cash. In exchange, ELISANDRO PEREZ worked seven (7) days per week—about 80.5 hours per week. Then, when ELISANDRO PEREZ worked at DILLEY LODGE, he continued working seven (7) days per week, and about 80.5 hours per week. However, for all his work at the DILLEY LODGE, Defendants only paid him about $175.00 per week.

32. The Defendants did not keep records reflecting the origin of the cash wages paid to the Plaintiffs.

33.     Upon information and belief, the Defendants did not report all cash income for their motels, in their annual tax returns for 2022, 2023, or 2024.

34.     During the time period when Plaintiffs worked at STUDIO 6 and DILLEY LODGE, the Defendants employed managers named Megan and Russ Sargent, respectively.

35.     Managers Megan and Russ Sargent simultaneously performed work for, and/or for the benefit of, both STUDIO 6 and DILLEY LODGE, respectively.

36.     Managers Megan and Russ Sargent collected revenue/money from both STUDIO 6 and DILLEY LODGE, respectively.

37.     Managers Megan and/or Russ Sargent occasionally wrote down or filled in information on Plaintiffs' time sheets, meaning that not all entries were created by Plaintiffs.

38.     Managers Megan and/or Russ Sargent would sometimes sign Plaintiffs' names on time sheets.

39.     Manager Russ Sargent wrote an income verification letter on behalf of SOPHIA-MARIE PEREZ.

40.     Manager Russ Sargent wrote an income verification letter on behalf of ELISANDRO PEREZ

41.     On certain days, Plaintiffs were required to pay a room rental fee to reside at STUDIO 6.

42.     Defendants failed to keep accurate records of Plaintiffs' hours and wages worked in accordance with the FLSA's recordkeeping requirements.

43.     During their employment, the Plaintiffs resided at on the Defendants' property at STUDIO 6 and DILLEY LODGE.

44.     During their employment, the Defendants charged the Plaintiffs unlawful amounts for their lodging that bore no relationship to Defendants' reasonable cost.

45.     During their employment, the Defendants charged the Plaintiffs unlawful amounts for their lodging that bore no relationship to Defendants' actual cost.

46.     The Defendants charged the Plaintiffs a market, retail rate for their rooms that was the same rate charged to members/consumers of the public seeking lodging—this allowed the Defendants to profit off the Plaintiffs.

47.     The Defendants required Plaintiffs "kickback" money to the Defendants.

48.     During Plaintiffs' employment, Defendants failed to pay them at or above the applicable minimum wage for hours worked.

49.     Even though Plaintiffs worked in excess of 40 hours per week at Defendants' motels, Defendants also failed to pay them for those hours at the rate of one and one-half times the applicable minimum wage.

50.     Defendant P. PATEL was a supervisor and manager of STUDIO 6 and DILLEY LODGE. He actively ran the business; acted directly or indirectly in the interest of STUDIO 6 and DILLEY LODGE in relation to Plaintiffs' employment; was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs; and/or, was substantially in control of the terms and conditions of Plaintiffs' work.

51.     Defendant P. PATEL had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees.

52.     P. PATEL hired managers Megan and Russ Sargent.

53. Defendant S. PATEL was a manager of STUDIO 6 and DILLEY LODGE. Along with her husband, P. PATEL, she helped direct and manage the Defendants' business; acted directly or indirectly in the interest of STUDIO 6 and DILLEY LODGE in relation to Plaintiffs' employment; and was aware employees were not being paid in compliance with the FLSA.

54. P. PATEL was Plaintiffs' employer as defined by 29 U.S.C. § 203(d). Therefore, he is individually liable for the FLSA violations.

55. S. PATEL was Plaintiffs' employer as defined by 29 U.S.C. § 203(d). Therefore, she is individually liable for the FLSA violations.

56. Plaintiffs have retained undersigned counsel to represent them in this litigation and have agreed to pay the firms a reasonable fee for their services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

57. Plaintiffs reallege Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

59. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

60. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

61. Defendants acted willfully and maliciously in failing to pay proper minimum wages to Plaintiffs.

62.     For each workweek during the time periods set forth *supra*, Plaintiffs are entitled to the federal minimum wage amount multiplied by the number of hours they worked per week, respectively.

63.     As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

## COUNT II

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

64.     Plaintiffs reallege Paragraphs 1 through 56 as if fully stated herein.

65.     Since Plaintiffs' date of hire with Defendants, in addition to their normal regular work week, they worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

66.     Plaintiffs were entitled to be paid at the rate of time and one-half for work hours worked in excess of the maximum hours provided for in the FLSA.

67.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by them in excess of the maximum hours provided for in the FLSA.

68.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.  Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

69.     Plaintiffs are entitled to overtime calculated as 1.5 times the applicable minimum wage rate for all hours in excess of 40 per week, as set forth, *supra*.

70. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

71. Due to the willful, malicious, and unlawful acts of Defendants, Plaintiffs have suffered unpaid overtime wages, plus an equal amount as liquidated damages, and their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

## REQUEST FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be rendered in their favor against Defendants for:

a. all unpaid minimum wages due;

b. all unpaid overtime wages due;

c. liquidated damages;

d. attorneys' fees and costs pursuant to the FLSA;

e. post-judgment interest; and

f. all other and further relief this Court deems to be just.

Respectfully submitted,

FROST DOMEL PLLC

*/s/ Emily Frost*
Emily Frost
Frost Domel, PLLC
State Bar No. 24036601
2499 S. Capital of Texas Hwy
Suite B-203
Austin, Texas 78746
Telephone: 512-640-5501
Email: emily@frostdomel.com
ATTORNEYS FOR PLAINTIFFS